UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE PHILLIPS,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC MARITIME ASSOCIATION, et al.,<br><br>    Defendants. | Case No. 25-cv-03241-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: ECF No. 16 |

Before the Court is Plaintiff Jasmine Phillips's motion to remand. ECF No. 16. The Court will deny the motion.

## I.  BACKGROUND

Phillips filed this putative class action in state court against Defendants alleging wage-and-hour violations under state law.[1] ECF No. 1 at 25–74. The complaint asserts eight causes of action: unlawful business practices in violation of California Business and Professions Code § 17200; failure to pay minimum wages; failure to pay overtime compensation; failure to provide required meal periods; failure to provide required rest periods; failure to provide accurate itemized wage statements; failure to reimburse employees for required expenses; and failure to pay sick wages. *Id.* at 53–71. In her motion to remand, Phillips states that she intends to dismiss the cause

---

[1] Defendants are Pacific Maritime Association; SSA Terminals, LLC; TraPac, LLC; APM Terminals Pacific LLC; APS Stevedoring, LLC; Benicia Port Terminal Company; Ceres Marine Terminals, Inc.; Crescent City Marine Ways & Dry Dock Co., Inc.; Fenix Marine Services, Ltd.; Everport Terminal Services Inc.; Harbor Industrial Services Corporation; Innovative Terminal Services, Inc.; International Transportation Service, LLC; Kinder Morgan Bulk Terminals LLC; LBCT LLC; Marine Terminals Corporation; Marine Terminals Corporation - East; Matson Navigation Company, Inc.; Metropolitan Stevedore Company; Ocean Terminal Services, Inc.; Pacific Crane Maintenance Company, LLC; Pacific Ro-Ro Stevedoring, LLC; Pasha Stevedoring & Terminals L.P.; Port Maintenance Group, Inc.; Terminal Equipment Services Inc.; Total Terminals International, LLC; Transpac Terminal Services, LLC; and Yusen Terminals LLC.

of action for failure to pay sick leave, ECF No. 16-1 at 23 n.2, but that claim remains part of the current operative complaint.

Defendants Ceres Marine Terminals, Inc. and SSA Terminals, LLC removed the case to this Court, asserting jurisdiction under the Class Action Fairness Act ("CAFA") as well as federal question and supplemental jurisdiction. ECF No. 1. Phillips now moves to remand the case to state court.

## II.     LEGAL STANDARD

CAFA provides for federal jurisdiction over a class action "if there is minimal diversity between the parties (that is, at least one plaintiff is a citizen of a different State from at least one defendant), if the class contains at least 100 members, and . . . if the amount in controversy exceeds $5 million." *Perez v. Rose Hills Co.*, 131 F.4th 804, 807 (9th Cir. 2025) (citing 28 U.S.C. §§ 1332(d)).

> When a CAFA defendant removes a class action to federal court, its notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. If the allegation is disputed, then the party seeking removal—and invoking the jurisdiction of the federal courts—bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $5 million.
>
> Because the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability, a removing defendant need not present evidence of what its ultimate liability will be—in many cases, the defendant presumably expects that figure to be zero. Instead, the defendant is permitted to rely on a chain of reasoning that includes assumptions to calculate the amount in controversy. While those assumptions cannot be pulled from thin air, they can be founded on the allegations of the complaint and do not necessarily need to be supported by evidence. The district court's task is simply to determine if the defendant's reasoning and underlying assumptions are reasonable.

*Id.* at 808 (9th Cir. 2025) (citation modified). There is no presumption against removal in "cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

## III.    DISCUSSION

For the reasons discussed below, the Court concludes that it has jurisdiction over this case

under CAFA. First, Phillips disputes the minimal diversity requirement in her motion, but she fails to address Defendants' evidence regarding diversity in her reply. Phillips does not dispute that she is a citizen of California, and she presents no evidence to dispute that Defendant Ceres Marine Terminals is incorporated in Maryland and has a principal place of business in Washington.[2] ECF No. 19-3 ¶¶ 3, 4. Ceres is therefore a citizen of both Maryland and Washington, 28 U.S.C. § 1332(c)(1), and thus diverse from Phillips. This satisfies the minimal diversity requirement.

Second, Phillips does not dispute that the putative class contains at least 100 members. In addition, Defendants have submitted evidence that the class contains at least 19,347 members. ECF No. 19-1 at 5 (¶ 7).

Finally, the Court concludes that Defendants have adequately met their burden to show that more than $5,000,000 is in controversy. To reach this conclusion, the Court need only consider one of Phillips's claims: failure to provide required rest periods. The complaint alleges that Phillips and the putative California labor sub-class were "from time to time" denied statutory rest periods and "not provided with one hour wages in lieu thereof." ECF No. 19-1 at 65 (¶ 119). Rest periods are required for employees who work more than 3.5 hours in a day. Cal. Code Regs. tit. 8, § 11010(12)(A). "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." *Id.* § 11010(12)(B). Defendants have presented uncontroverted evidence that members of the putative class worked 11,630,371 shifts that lasted 3.5 hours or longer during the relevant time period, ECF No. 19-1 at 5 (¶ 7), and that the lowest possible contract rate for a member of the putative class during the class period was $32.31.[3] *See* ECF No. 19-1 at 317.

---

[2] Defendants also submitted a declaration regarding the citizenship of Defendant SSA Terminals, LLC. ECF No. 19-2. However, that declaration fails to discuss the citizenship of each member of the LLC and is therefore inadequate to establish SSA Terminals' citizenship. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

[3] Defendants' opposition states that, "[a]s noted in the Notice [of Removal], the lowest possible contractual rate of pay paid to longshore workers during the relevant period was $33.31." ECF

3

1    Thus, assuming a 100% violation rate, the lowest possible amount in controversy for the rest

2    period claim would be 11,630,371 x $32.31, or $375,777,287.01.  For at least $5,000,000 to be in

3    controversy, the violation rate would need to be at least approximately 1.331% (11,630,371 x

4    $32.31 x 0.01331 = $5,001,595.69).  Moreover, the required violation rate is actually likely lower

5    than that since these calculations assume that all affected class members were paid the lowest

6    possible contractual rate.

7          This low violation rate is reasonable to assume based on the complaint's allegations that

8    the putative class was "from time to time" denied the rest periods to which they are entitled under

9    California law.  ECF No. 19-1 at 65 (¶ 119).  True, there is no evidentiary basis for presuming this

10   particular violation rate, but that does not make the assumption unreasonable.  Phillips is incorrect

11   when she argues, "Defendants are not entitled to assume a violation rate out of thin air when

12   Defendants can calculate the exact number."  ECF No. 20 at 17.  In *Perez*—a recent Ninth Circuit

13   case relied on by Defendants but ignored by Phillips—the Ninth Circuit explained:

> [I]t makes little sense to require a CAFA defendant to introduce evidence of the violation rate—really the *alleged* violation rate—because the defendant likely believes that the real rate is zero and thus that the evidence does not exist.  For that reason, a CAFA defendant can most readily ascertain the violation rate by looking at the plaintiff's complaint.

18   131 F.4th at 808 (emphasis in original).  The court continued:

> It may be true that the phrase "at times" could support a lower violation rate as easily as it could support the violation rate that Rose Hills [the defendant] assumed.  But that does not automatically render the rate assumed by Rose Hills unreasonable.  And if Perez [the plaintiff] believed that some other assumption would have been more reasonable, she was free to propose that rate.  (She was also free to use some more specific phrase than "at times" when drafting the complaint; had she done so, she could have constrained the range of assumptions that Rose Hills could reasonably adopt.)

24   *Id.* at 810; *see also id.* at 809 ("[A]n assumption is not unreasonable simply because another

25   equally valid assumption may exist.").  The same is true in this case.  Phillips has not argued that

26   any material difference exists between the "at times" allegation in *Perez* and the "from time to

---

No. 19 at 15.  However, the notice of removal states this figure as $32.31, ECF No. 1 at 13 (¶ 28), and the Court's review of the supporting documents indicates that $32.31 is the correct figure.

time" allegation here, and the Court concludes that there is not.

Moreover, although courts have found that a "from time to time" allegation does not support assuming a 100% violation rate, *e.g.*, *Rivers v. Veolia Transportation Servs., Inc.*, No. 14-cv-2594 YGR, 2014 WL 3945789, at *5 (N.D. Cal. Aug. 11, 2014), it does support assuming a 15% violation rate, *Gallagher-Stevens v. Indep. Living Sys., LLC*, No. 24-cv-04582-WHO, 2025 WL 354630, at *5 (N.D. Cal. Jan. 31, 2025). Here, the minimum amount in controversy would require a much lower violation rate—1.331%—and Phillips has cited no authority that assuming such a low rate would be unreasonable. Nor has Phillips countered with any "alternative assumption, grounded in real evidence, such as an affidavit by an aggrieved party." *Martin v. United Rentals (N. Am.), Inc.*, No. 25-cv-2041-JSC, 2025 WL 11554333, at *3 (N.D. Cal. June 2, 2025) (citation modified).

Based on the complaint's allegations that members of the putative class were "from time to time" denied required rest periods, the Court finds it reasonable to assume at least a 1.331% violation rate. As explained by the calculations above, this is sufficient to put more than $5,000,000 in controversy, thereby satisfying the third and final requirement for CAFA jurisdiction.

## CONCLUSION

The Court denies Phillips's motion to remand because it has CAFA jurisdiction over this case.[4]

**IT IS SO ORDERED.**

Dated: June 18, 2025

_____
JON S. TIGAR
United States District Judge

---

[4] Defendants also argue that two of Phillips's claims are completely preempted by the Labor Management Relations Act, and that the Court therefore has federal question jurisdiction over those claims and supplemental jurisdiction over the remaining claims. The Court need not reach these potential alternate grounds for jurisdiction.

5