UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE PHILLIPS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC MARITIME ASSOCIATION, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-03241-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF No. 8 |

Plaintiff Jasmine Phillips brings this putative class action against 28 Defendants alleging wage-and-hour violations under state law.[1] ECF No. 1 at 25–74. The complaint asserts eight claims: unlawful business practices in violation of California Business and Professions Code § 17200; failure to pay minimum wages; failure to pay overtime compensation; failure to provide required meal periods; failure to provide required rest periods; failure to provide accurate itemized wage statements; failure to reimburse employees for required expenses; and failure to pay sick wages. *Id.* at 53–71. Defendants have moved to dismiss the complaint in its entirety. ECF No. 8.

The Court grants Phillips's unopposed request to dismiss without prejudice her claim for failure to pay sick wages.

The Court will dismiss with leave to amend Phillips's remaining claims because Phillips

---

[1] Defendants are Pacific Maritime Association; SSA Terminals, LLC; TraPac, LLC; APM Terminals Pacific LLC; APS Stevedoring, LLC; Benicia Port Terminal Company; Ceres Marine Terminals, Inc.; Crescent City Marine Ways & Dry Dock Co., Inc.; Fenix Marine Services, Ltd.; Everport Terminal Services Inc.; Harbor Industrial Services Corporation; Innovative Terminal Services, Inc.; International Transportation Service, LLC; Kinder Morgan Bulk Terminals LLC; LBCT LLC; Marine Terminals Corporation; Marine Terminals Corporation - East; Matson Navigation Company, Inc.; Metropolitan Stevedore Company; Ocean Terminal Services, Inc.; Pacific Crane Maintenance Company, LLC; Pacific Ro-Ro Stevedoring, LLC; Pasha Stevedoring & Terminals L.P.; Port Maintenance Group, Inc.; Terminal Equipment Services Inc.; Total Terminals International, LLC; Transpac Terminal Services, LLC; and Yusen Terminals LLC.

does not adequately allege Defendants' liability as joint employers.[2] Phillips brings this case against 28 entities, referring to all Defendants collectively as "DEFENDANT" throughout the complaint. *See* ECF No. 1 at 28–71. She alleges that all 28 Defendants "are the joint employers of PLAINTIFF as evidenced by paycheck, [by] standardized company employment handbooks, by standardized policies and procedures, [and] by the company PLAINTIFF performs work for respectively and are therefore jointly responsible as employers for the conduct alleged herein." *Id.* at 28 (¶ 29). These are the only allegations on which Phillips relies to argue that she has sufficiently alleged a joint employer relationship.

To be an employer under California law means "(a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship." *Martinez v. Combs*, 49 Cal. 4th 35, 64 (emphasis in original). Phillips "is not required to conclusively establish that defendants were her joint employers at the pleading stage," but she "must at least allege *some* facts in support of this legal conclusion." *Hibbs-Rines v. Seagate Techs., LLC*, No. C 08-05430 SI, 2009 WL 513496, at *5 (N.D. Cal. Mar. 2, 2009) (emphasis in original). Thus, for example, it is not sufficient to allege in a conclusory fashion that a defendant "supervised and/or managed" the plaintiff because such an allegation "does not include sufficient factual content for [a court] to reasonably infer that [the defendant] supervised [the plaintiff] and thus exercised control over some aspect of the Plaintiff's working conditions." *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 939–40 (N.D. Cal. 2016).

Here, Phillips fails to allege basic facts, including for which company she performs work, which entity or entities issue her paychecks, or which entity's or entities' handbooks or policies she contends govern her employment. Nor does she allege how the different entities all satisfy one of the conditions set forth by the California Supreme Court in *Martinez*. Without additional allegations, the Court does not find it plausible that 28 different entities employed Phillips as

---

[2] The Court does not address Defendants' challenges to the sufficiency of each claim's allegations because it is unknown whether Phillips will file an amended complaint and, if she does, which claims against which Defendants will be included.

defined by California law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court therefore dismisses the complaint with leave to amend.

If Phillips chooses to file an amended complaint, she shall be cognizant that whether a joint employer "is liable under the [California] Labor Code depends on the duties imposed under the particular statute at issue." *Noe v. Super. Ct.*, 237 Cal. App. 4th 316, 334 (2015). She shall consider whether anything "in the language of the applicable wage order or statutes . . . support[s] the conclusion that an employer is liable not only for a breach of its own duty but also for a coemployer's breach of the coemployer's own duty." *Serrano v. Aerotek, Inc.*, 21 Cal. App. 5th 773, 784 (2018), *disapproved on other grounds*, *Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 77 (2021). And she must allege facts specific to each Defendant, "without resort to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).

Any amended complaint is due within 21 days of the date of this order. Failure to file a timely amended complaint will result in dismissal of this case.

**IT IS SO ORDERED.**

Dated: June 20, 2025

_____
JON S. TIGAR
United States District Judge

3