1
**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
2
Kyle R. Nordrehaug (State Bar #205975)
Nicholas J. De Blouw (State Bar #280922)
3
Piya Mukherjee (State Bar #274217)
piya@bamlawca.com
4
2255 Calle Clara
La Jolla, CA 92037
5
Telephone: (858)551-1223
Facsimile: (858) 551-1232
6
*Attorneys for Plaintiff*

7
## UNITED STATES DISTRICT COURT
8
## NORTHERN DISTRICT OF CALIFORNIA

9
JASMINE PHILLIPS, an individual, on behalf of herself and on behalf of all persons similarly situated,

10

11
                Plaintiff,

vs.

12

13
PACIFIC MARITIME ASSOCIATION, a Corporation; SSA TERMINALS, LLC, a Limited Liability Company; TRAPAC, LLC, a Limited Liability Company; APM TERMINALS PACIFIC LLC, a Limited Liability Company; APS STEVEDORING, LLC, a Limited Liability Company; BENICIA PORT TERMINAL COMPANY, a Corporation; CERES MARINE TERMINALS, INC., a Corporation; CRESCENT CITY MARINE WAYS & DRY DOCK CO., INC., a Corporation; FENIX MARINE SERVICES, LTD., a Corporation; EVERPORT TERMINAL SERVICES INC., a Corporation; HARBOR INDUSTRIAL SERVICES CORPORATION, a Corporation; INNOVATIVE TERMINAL SERVICES, INC., a Corporation; INTERNATIONAL TRANSPORTATION SERVICE, LLC, a Limited Liability Company; KINDER MORGAN BULK TERMINALS LLC, a Limited Liability Company; LBCT LLC, a Limited Liability Company; MARINE TERMINALS CORPORATION, a Corporation; MARINE TERMINALS CORPORATION - EAST, a Corporation; MATSON NAVIGATION COMPANY, INC., a Corporation; METROPOLITAN STEVEDORE COMPANY, a Corporation; OCEAN TERMINAL SERVICES, INC., a Corporation; PACIFIC CRANE MAINTENANCE COMPANY, LLC, a Limited Liability Company; PACIFIC RO-RO STEVEDORING, LLC, a Limited Liability Company; PASHA STEVEDORING & TERMINALS L.P., a Limited Partnership; PORT MAINTENANCE GROUP, INC., a Corporation; TERMINAL EQUIPMENT SERVICES INC, a Corporation; TOTAL TERMINALS INTERNATIONAL, LLC, a Limited Liability Company; TRANSPAC TERMINAL SERVICES, LLC, a Limited Liability Company; YUSEN TERMINALS LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                Defendants.

28

**Case No. 4:25-cv-03241-JST**

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200;
2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;
4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; and,
7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802.

**DEMAND FOR A JURY TRIAL**

1

Jasmine Phillips ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following.

## THE PARTIES

1.    Pacific Maritime Association is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

2.    SSA Terminals LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

3.    Trapac, LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

4.    APM Terminals Pacific LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

5.    APS Stevedoring, LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

6.    Benicia Port Terminal Company is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

7.    Ceres Marine Terminals, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

8.    Crescent City Marine Ways & Dry Dock Co., Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

9.    Fenix Marine Services, Ltd. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

10.    Everport Terminal Services Inc. is a Corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

11.    Harbor Industrial Services Corporation is a corporation that at all relevant

times mentioned herein conducted and continues to conduct substantial business in California.

12.    Innovative Terminal Services, Inc. is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

13.    International Transportation Service, LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

14.    Kinder Morgan Bulk Terminals LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

15.    LBCT LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

16.    Marine Terminals Corporation is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

17.    Marine Terminals Corporation - East is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

18.    Matson Navigation Company, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

19.    Metropolitan Stevedore Company is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

20.    Ocean Terminal Services, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

21.    Pacific Crane Maintenance Company, LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

22.    Pacific Ro-Ro Stevedoring, LLC is a limited liability company that at all

relevant times mentioned herein conducted and continues to conduct substantial business in California.

23.    Pasha Stevedoring & Terminals L.P. is a limited partnership that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

24.    Port Maintenance Group, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

25.    Terminal Equipment Services Inc is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

26.    Total Terminals International, LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

27.    Transpac Terminal Services, LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

28.    Yusen Terminals LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

29.    Pacific Maritime Association, SSA Terminals LLC, Trapac, LLC, APM Terminals Pacific LLC, APS Stevedoring, LLC, Benicia Port Terminal Company, Ceres Marine Terminals, Inc., Crescent City Marine Ways & Dry Dock Co., Inc., Fenix Marine Services, Ltd., Everport Terminal Services Inc., Harbor Industrial Services Corporation, Innovative Terminal Services, Inc., International Transportation Service, LLC, Kinder Morgan Bulk Terminals LLC, LBCT LLC, Marine Terminals Corporation, Marine Terminals Corporation - East, Matson Navigation Company, Inc., Metropolitan Stevedore Company, Ocean Terminal Services, Inc., Pacific Crane Maintenance Company, LLC, Pacific Ro-Ro Stevedoring, LLC, Pasha Stevedoring & Terminals L.P., Port Maintenance Group, Inc., Terminal Equipment Services Inc, Total Terminals

International, LLC, Transpac Terminal Services, LLC, Yusen Terminals LLC are the joint employers of PLAINTIFF as evidenced by paycheck, standardized company employment handbooks, by standardized policies and procedures, by the company PLAINTIFF performs work for respectively and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as ("DEFENDANT" or "DEFENDANTS").

30.    DEFENDANT is a container terminal operator and vessel stevedore that provides port terminal services to the U.S. West Coast.

31.    PLAINTIFF is currently employed by DEFENDANTS in California. PLAINTIFF's employment with DEFENDANTS started in May of 2021. PLAINTIFF has been at all times classified by DEFENDANTS as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

32.    PLAINTIFF works at DEFENDANT's San Francisco Port located at 400 North Point Street as a Longshore Worker. At all times during her employment, PLAINTIFF was and is a member of the International Longshore and Warehouse Workers Union ("ILWU"). PLAINTIFF's wage statements uniformly identify the following employer in the upper left hand corner: "PACIFIC MARITIME ASSOCIATION - Wage Paying Agent for Payroll Participants". PLAINTIFF's wage statements uniformly include a column including the identification of "Company Number", followed by columns identifying the number of shifts worked for each Company, the port number worked for each company, the date(s) worked for each Company, the wage compensation attributed to the work performed for each itemized Company, and the hours of work performed for each itemized Company. The bottom of each of PLAINTIFF's wage statements provide the "Name and Address of the Legal Entity Corresponding to Each Company Number." The companies itemized on PLAINTIFF's wage statements include, but are not limited to (1) SSA TERMINALS, LLC, (2) TRAPAC LLC, (3) EVERPORT TERMINAL SERVICES, (4) SSA PACIFIC,

INC., (5) METRO CRUISE SERVICES LLC, (6) PASHA STEVEDORING & TERMINALS LP, and (7) PACIFIC CRANE MAINTENANCE COMPANY LLP. PLAINTIFF contends that the requirements, expectations and job duties remained the same regardless of which Company PLAINTIFF performed work for.

33.     Defendants SSA Terminals LLC, Trapac, LLC, APM Terminals Pacific LLC, APS Stevedoring, LLC, Benicia Port Terminal Company, Ceres Marine Terminals, Inc.,  Crescent City Marine Ways & Dry Dock Co., Inc., Fenix Marine Services, Ltd., Everport Terminal Services Inc., Harbor Industrial Services Corporation, Innovative Terminal Services, Inc., International Transportation Service, LLC, Kinder Morgan Bulk Terminals LLC, LBCT LLC, Marine Terminals Corporation, Marine Terminals Corporation - East, Matson Navigation Company, Inc., Metropolitan Stevedore Company, Ocean Terminal Services, Inc., Pacific Crane Maintenance Company, LLC, Pacific Ro-Ro Stevedoring, LLC, Pasha Stevedoring & Terminals L.P., Port Maintenance Group, Inc., Terminal Equipment Services Inc, Total Terminals International, LLC, Transpac Terminal Services, LLC, Yusen Terminals LLC in California, including any employees staffed with Pacific Maritime Association, SSA Terminals LLC, Trapac, LLC, APM Terminals Pacific LLC, APS Stevedoring, LLC, Benicia Port Terminal Company, Ceres Marine Terminals, Inc.,  Crescent City Marine Ways & Dry Dock Co., Inc., Fenix Marine Services, Ltd., Everport Terminal Services Inc., Harbor Industrial Services Corporation, Innovative Terminal Services, Inc., International Transportation Service, LLC, Kinder Morgan Bulk Terminals LLC, LBCT LLC, Marine Terminals Corporation, Marine Terminals Corporation - East, Matson Navigation Company, Inc., Metropolitan Stevedore Company, Ocean Terminal Services, Inc., Pacific Crane Maintenance Company, LLC, Pacific Ro-Ro Stevedoring, LLC, Pasha Stevedoring & Terminals L.P., Port Maintenance Group, Inc., Terminal Equipment Services Inc, Total Terminals International, LLC, Transpac Terminal Services, LLC, and Yusen Terminals LLC were the agents of Pacific Maritime Association and the direct employers and/or joint employers for PLAINTIFF and the

CALIFORNIA CLASS MEMBERS. DEFENDANT employed workers across multiple California ports including, but not limited to, San Francisco, Los Angeles/San Pedro, Oakland, San Diego, Long Beach, Benicia, Richmond, Crockett, Eureka, Humboldt, Redwood City, Stockton, and West Sacramento. DEFENDANTS each exercised control over the wages, hours, or working conditions of PLAINTIFF and the CALIFORNIA CLASS MEMBERS, or suffered or permitted them to work, or engaged PLAINTIFFS and the CALIFORNIA CLASS MEMBERS, resulting in a common law employment relationship.

34.     Defendant Pacific Maritime Association is a California Corporation with its principal place of business in San Francisco, California. PLAINTIFF alleges that Defendant Pacific Maritime Association employed PLAINTIFF as a "person employment another under any appointment or contract of hire." *See* California Labor Code § 245.5(c)(1). PLAINTIFF alleges that Defendant Pacific Maritime Association engaged, suffered or permitted PLAINTIFF to work. *See* Industrial Welfare Commission Wage Order 9-2001; *see also* San Francisco Labor & Employment Code, §11.2(d). Defendant Pacific Maritime Association was PLAINTIFF's direct or indirect employer for the following reasons: (1) Defendant Pacific Maritime Association hired PLAINTIFF to work for not only Pacific Maritime Association but also Pacific Maritime Association's Member companies including, but not limited to the named DEFENDANTS, (2) PLAINTIFF's job application was submitted to Pacific Maritime Association, (3) Pacific Maritime Association issued PLAINTIFF's W-2 forms, (4) Pacific Maritime Association is designated as an employer on all of PLAINTIFF's wage statements, (5) PLAINTIFF's wage rates were determined by Pacific Maritime Association through direct negotiations with the union PLAINTIFF belongs to, (6) PLAINTIFF believes, and thereon alleges, that Pacific Maritime Association maintains the personnel records, wage records, and time records for all CALIFORNIA CLASS MEMBERS, (7) PLAINTIFF believes, and thereon alleges, that Pacific Maritime Association submits daily orders for waterfront labor at various California ports and

works in partnership with the ILWU to dispatch workers including, but not limited to PLAINTIFF and the CALIFORNIA CLASS MEMBERS and the daily orders reference the jobs which need to be completed for the other named DEFENDANTS, (8) Pacific Maritime Association processes payroll for PLAINTIFF and the CALIFORNIA CLASS MEMBERS and all Member companies, including the DEFENDANTS, (9) Pacific Maritime Association provides job and safety training to the CALIFORNIA CLASS MEMBERS, including PLAINTIFF (*see* https://www.pmanet.org/fact-sheets/safety-and-training/), (10) "PMA provides comprehensive safety training to all workers as part of their initial orientation, and safety lessons are reinforced at job sites daily. Since 1991, over 97,000 dockworkers have graduated from the Coastwide General Safety Training program administered by PMA and the ILWU." (*See Id.*), (11) PLAINTIFF believes, and thereon alleges, that Pacific Maritime Association may discipline, counsel, and terminate the employment of the CALIFORNIA CLASS MEMBERS.

35.    Defendant Pacific Maritime Association, at all relevant times, is the agent of multiple Member companies including, but not limited to the DEFENDANTS. According to Pacific Maritime Association's website: "On behalf of our member companies, we help ensure West Coast ports remain vibrant economic engines for the region and the nation." https://www.pmanet.org/about/#our-mission. Defendant Pacific Maritime Association refers to the remaining DEFENDANTS as part of "Our 71 member companies consist of domestic carriers, international carriers, terminal operators and stevedores that operate in California, Oregon and Washington." *See Id.* Defendant Pacific Maritime Association's Board of Directors is "composed of leading executives from [its] member companies" which include the other named DEFENDANTS. *See Id.* Plaintiff believes and understands and, thereon alleges, that Defendant Pacific Maritime Association represents the shipping companies and terminal operators in negotiating and administering maritime labor agreements with the ILWU. PLAINTIFF and the CALIFORNIA CLASS MEMBERS are all members of the ILWU and are, therefore,

direct employees working at the California ports for Defendant Pacific Maritime Association and the remaining DEFENDANTS (i.e. the Member companies). PLAINTIFF believes and understands and thereon alleges that Defendant Pacific Maritime Association is operated and controlled by several of the DEFENDANTS as Pacific Maritime Association's Board of Directors is composed of executives from these other Member Companies including, but not limited to Defendant SSA Marine. According to Defendant Pacific Maritime Association, "PMA is governed by a Board of Directors, composed of leading executives from our member companies." *See* https://www.pmanet.org/about/#membership. Various steering committees who assist in running Pacific Maritime Association have representatives from other DEFENDANTS including, but not limited to defendant SSA Terminals, TRAPAC, and Everport. *See* 2023 PMA Annual Report at pp. 7-9 (https://pma.uberflip.com/i/1517839-2023-pma-annual-report/33?).

36.    "Longshore workers at the 29 West Coast ports work under a single labor contract, negotiated between [Defendant Pacific Maritime Association] and the International Longshore and Warehouse Union (ILWU)." *See* https://www.pmanet.org/contract-highlights/. As such, PLAINTIFF and the CALIFORNIA CLASS MEMBERS are all subject to the same collective bargaining agreement and other written policies, procedures and requirements which directly impacts their wages, hours, job expectations, requirements, policies, and procedures for work performed for DEFENDANTS including not only Defendant Pacific Maritime Association but all of the other DEFENDANTS named herein. At all relevant times herein mentioned, Defendant Pacific Maritime Association was acting within the scope of said agency for each and every DEFENDANT named and/or each and every DEFENDANT named ratified the wrongful conduct alleged herein. Therefore, each DEFENDANT is liable, vicariously liable, or liable under any other applicable theory for the wrongful acts of its agent, Defendant Pacific Maritime Association. Further, PLAINTIFF alleges that Defendant Pacific Maritime Association is liable to PLAINTIFF

and the CALIFORNIA CLASS MEMBERS under Civil Code §2343, which holds agents liable to third persons as a principal for the agents' own wrongful conduct.

37.    In the alternative, the DEFENDANTS are joint employers of Plaintiff and the CALIFORNIA CLASS MEMBERS. Separate entities can be considered as joint employers of the same employee in circumstances where the entities share or co-determine essential terms and conditions of employment for the employee. PLAINTIFF alleges that the exercise of control over wages, hours, or working conditions, directly or indirectly, or through an agent or any other person was between the DEFENDANTS jointly as the DEFENDANTS were all interrelatedly involved in the construction, development and finalization of the collective bargaining agreement, handbooks, and written policies and procedures controlling the wages, hours and working conditions of PLAINTIFF and the CLASS MEMBERS since all DEFENDANTS aside from Defendant Pacific Maritime Association are Member Companies of Defendant Pacific Maritime Association. The mutual and joint involvement of all DEFENDANTS in the drafting of the collective bargaining agreement, written policies and procedures, and handbooks, and determination of wages, working conditions and hours for PLAINTIFF and the CALIFORNIA CLASS MEMBERS is explained and confirmed by Defendant Pacific Maritime Association: "PMA and our member companies are proud to offer world-class wages to all workers at West Coast ports through the PMA-ILWU contract." *See* https://www.pmanet.org/contract-highlights/. Defendant Pacific Maritime Association negotiates the collective bargaining agreement jointly and on behalf of the other DEFENDANTS: "PMA negotiates the coastwide labor agreements with the International Longshore and Warehouse Union (ILWU) on behalf of our member companies. One of the most important labor contracts in the United States, this agreement covers wages, employee benefits, and employment conditions for longshore workers, marine clerks and foremen throughout the West Coast." *See* https://www.pmanet.org/what-we-do/#collectivebargaining. The DEFENDANTS, based on their role in constructing, developing and finalizing the collective bargaining

agreement were directly involved and responsible for hiring, firing, training, disciplining, compensating, determining job responsibilities, determining compensation, determining health benefits and determining welfare benefits that employees like PLAINTIFF and the CALIFORNIA CLASS MEMBERS would receive.  Additionally, Defendant Pacific Maritime Association's Board of Directors and steering committees are all composed of executives from the other named DEFENDANTS. 2023 PMA Annual Report at pp. 6-9 (https://pma.uberflip.com/i/1517839-2023-pma-annual-report/33?).    According    to Defendant Pacific Maritime Association, "PMA is governed by a Board of Directors, composed    of    leading    executives    from    our    member    companies." *See* https://www.pmanet.org/about/#membership.  As such, control of the terms and conditions of job requirements, employment conditions, wages paid, hours worked, and benefits provided is shared amongst all of the DEFENDANTS when Defendant Pacific Maritime Association negotiates the collective bargaining agreements applicable to the employment of PLAINTIFF and the CALIFORNIA CLASS MEMBERS on behalf of all of the DEFENDANTS. Additionally, PLAINTIFF and the CALIFORNIA CLASS MEMBERS worked at facilities where workers are assigned jobs, commonly referred to as "dispatch halls". The operation of the "dispatch halls" is jointly shared between all DEFENDANTS per Defendant Pacific Maritime Association's President and CEO, Stephen Hennessey who stated that one of his responsibilities is the "oversight of jointly operated    dispatch    halls."    2023    PMA    Annual    Report    at    pg. 13(https://pma.uberflip.com/i/1517839-2023-pma-annual-report/33?). The operation of dispatch halls, where individuals like PLAINTIFF and the CALIFORNIA CLASS MEMBERS are receiving their work assignments are jointly controlled between all of the DEFENDANTS.   "If the putative joint employer instead exercises enough control over the intermediary entity to indirectly dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment." *Medina v. Equilon Ent., LLC* (2021) 68 Cal. App. 5th 868, 879. The DEFENDANTS, therefore, share control of the terms or conditions of the employment of PLAINTIFF and the

CALIFORNIA CLASS MEMBERS. Each named defendant is jointly and severally liable for the violations of the California Labor Code committed by each of them, as alleged herein.

38.    In the alternative, PLAINTIFF believes, and therefore alleges, that all named DEFENDANTS qualify as a "single employer" because the entities are so interrelated with the named employer of PLAINTIFF that the entities constitute a single, integrated employer. Defendant Pacific Maritime Association and the remaining DEFENDANTS are collectively liable as a single employer because they satisfy one or more of the following factors outlined by the California Court of Appeal: (1) an interrelation of operations, (2) common management, (3) common ownership or financial control, and (4) centralized control of labor relations. *Laird v. Capital Cities/ABC, Inc.* (1998) 68 Cal.App.4th 727, 737-738. An interrelation of operations exists between the DEFENDANTS. Defendant Pacific Maritime Association negotiates labor agreements with the ILWU, the union affiliated with PLAINTIFF and the CALIFORNIA CLASS MEMBERS, and the negotiations are on behalf of all DEFENDANTS. There is common management amongst all of the DEFENDANTS as Defendant Pacific Maritime Association's Board of Directors is composed of high-level management from the other DEFENDANTS.  There is also an interrelation of operations because Defendant Pacific Maritime issues daily dispatch summaries outlining the container vessel activity for all of the member companies, including all of the remaining DEFENDANTS. Additionally, there is common management amongst all of the DEFENDANTS as Defendant Pacific Maritime Association handles human resources for the other DEFENDANTS collaboratively, issues wage statements to PLAINTIFF and the CALIFORNIA CLASS MEMBERS on behalf of itself and the other DEFENDANTS, administers employee benefits which are determined collaboratively and collectively amongst all DEFENDANTS.  Defendant Pacific Maritime Association provides training to individuals including PLAINTIFF and the CALIFORNIA CLASS MEMBERS associated with the work performed on behalf of all DEFENDANTS demonstrating

further interrelation of operations. PLAINTIFF understands, and therefore alleges, that Defendant Pacific Maritime Association charges the member companies, including the other DEFENDANTS, assessments on payroll hours and revenue cargo in order to fund benefits plans for the CALIFORNIA CLASS MEMBERS demonstrating the centralized control of labor relations and common management between the DEFENDANTS. 2023 PMA Annual Report at pp. 0, 40 (https://pma.uberflip.com/i/1517839-2023-pma-annual-report/33?). PLAINTIFF believes and understands, and therefore alleges, that there is common ownership or financial control between Defendant Pacific Maritime Association and the other named DEFENDANTS as Defendant Pacific Maritime Associations' Board of Directors and Committee members are executives from the other named DEFENDANTS. 2023 PMA Annual Report at pp. 6-9 (https://pma.uberflip.com/i/1517839-2023-pma-annual-report/33?). According to Defendant Pacific Maritime Association, "PMA is governed by a Board of Directors, composed of leading executives from our member companies." See https://www.pmanet.org/about/#membership. The DEFENDANTS, therefore, form a single integrated employer for purposes of liability associated with the Labor Code violations alleged herein.

39.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by Pacific Maritime Association and/or SSA Terminals LLC and/or Trapac, LLC and/or APM Terminals Pacific LLC and/or APS Stevedoring, LLC and/or Benicia Port Terminal Company and/or Ceres Marine Terminals, Inc. and/or  Crescent City Marine Ways & Dry Dock Co., Inc. and/or Fenix Marine Services, Ltd. and/or Everport Terminal Services Inc. and/or Harbor Industrial Services Corporation and/or Innovative Terminal Services, Inc. and/or International Transportation Service, LLC and/or Kinder Morgan Bulk Terminals LLC and/or LBCT LLC and/or Marine Terminals Corporation and/or Marine Terminals Corporation - East and/or Matson Navigation Company, Inc. and/or

Metropolitan Stevedore Company and/or Ocean Terminal Services, Inc. and/or Pacific Crane Maintenance Company, LLC and/or Pacific Ro-Ro Stevedoring, LLC and/or Pasha Stevedoring & Terminals L.P. and/or Port Maintenance Group, Inc. and/or Terminal Equipment Services Inc and/or Total Terminals International, LLC and/or Transpac Terminal Services, LLC and/or Yusen Terminals LLC in California, including any employees staffed with Pacific Maritime Association and/or SSA Terminals LLC and/or Trapac, LLC and/or APM Terminals Pacific LLC and/or APS Stevedoring, LLC and/or Benicia Port Terminal Company and/or Ceres Marine Terminals, Inc. and/or Crescent City Marine Ways & Dry Dock Co., Inc. and/or Fenix Marine Services, Ltd. and/or Everport Terminal Services Inc. and/or Harbor Industrial Services Corporation and/or Innovative Terminal Services, Inc. and/or International Transportation Service, LLC and/or Kinder Morgan Bulk Terminals LLC and/or LBCT LLC and/or Marine Terminals Corporation and/or Marine Terminals Corporation - East and/or Matson Navigation Company, Inc. and/or Metropolitan Stevedore Company and/or Ocean Terminal Services, Inc. and/or Pacific Crane Maintenance Company, LLC and/or Pacific Ro-Ro Stevedoring, LLC and/or Pasha Stevedoring & Terminals L.P. and/or Port Maintenance Group, Inc. and/or Terminal Equipment Services Inc and/or Total Terminals International, LLC and/or Transpac Terminal Services, LLC and/or Yusen Terminals LLC by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of the original Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

40.     PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and

14

deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

41.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

42.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

43.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work.  DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they are under DEFENDANT's control. Among other things, DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFF's off-duty meal break. DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. Additionally, DEFENDANT engages in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a condition of employment, required these employees to submit to mandatory temperature checks and symptom questionnaires for COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime wage compensation, and off-duty meal breaks by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

44.     State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

45.     The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

46.     As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by

17

DEFENDANT to work ten (10) hours of work.  DEFENDANT also engaged in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members.  PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

47.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.  Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control.  In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period.  Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

48.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work.  DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control.  As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates.  To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

49.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such

information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

50.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203.

51.    Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to pay these employees all wages due at each applicable pay period and upon termination.  PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

52.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify  PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal.

Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

53.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit.  Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

54.    Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF.  DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties for the legally required off-duty meal periods.  As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records.   The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

**JURISDICTION AND VENUE**

55.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

56.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and  DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

**THE CALIFORNIA CLASS**

57.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Pacific Maritime Association and/or SSA Terminals LLC and/or Trapac, LLC and/or APM Terminals Pacific LLC and/or APS Stevedoring, LLC and/or Benicia Port Terminal Company and/or Ceres Marine Terminals, Inc. and/or  Crescent City Marine Ways & Dry Dock Co., Inc. and/or Fenix Marine Services, Ltd. and/or Everport Terminal Services Inc. and/or Harbor Industrial Services Corporation and/or Innovative Terminal Services, Inc. and/or International Transportation Service, LLC and/or Kinder Morgan Bulk Terminals LLC and/or LBCT LLC and/or Marine Terminals Corporation and/or Marine Terminals Corporation - East and/or Matson Navigation Company, Inc. and/or Metropolitan Stevedore Company and/or Ocean Terminal Services, Inc. and/or Pacific Crane Maintenance Company, LLC and/or Pacific Ro-Ro Stevedoring, LLC and/or Pasha Stevedoring & Terminals L.P. and/or Port Maintenance Group, Inc. and/or

22

Terminal Equipment Services Inc and/or Total Terminals International, LLC and/or Transpac Terminal Services, LLC and/or Yusen Terminals LLC in California, including any employees staffed with Pacific Maritime Association and/or SSA Terminals LLC and/or Trapac, LLC and/or APM Terminals Pacific LLC and/or APS Stevedoring, LLC and/or Benicia Port Terminal Company and/or Ceres Marine Terminals, Inc. and/or Crescent City Marine Ways & Dry Dock Co., Inc. and/or Fenix Marine Services, Ltd. and/or Everport Terminal Services Inc. and/or Harbor Industrial Services Corporation and/or Innovative Terminal Services, Inc. and/or International Transportation Service, LLC and/or Kinder Morgan Bulk Terminals LLC and/or LBCT LLC and/or Marine Terminals Corporation and/or Marine Terminals Corporation - East and/or Matson Navigation Company, Inc. and/or Metropolitan Stevedore Company and/or Ocean Terminal Services, Inc. and/or Pacific Crane Maintenance Company, LLC and/or Pacific Ro-Ro Stevedoring, LLC and/or Pasha Stevedoring & Terminals L.P. and/or Port Maintenance Group, Inc. and/or Terminal Equipment Services Inc and/or Total Terminals International, LLC and/or Transpac Terminal Services, LLC and/or Yusen Terminals LLC by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of the original Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

58.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

59.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS

23

Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

60.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, (the "UCL") as causation, damages, and reliance are not elements of this claim.

61.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

62.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

(b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

FIRST AMENDED CLASS ACTION COMPLAINT

63.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA

25

1    CLASS that would make class certification inappropriate. Counsel
2    for the CALIFORNIA CLASS will vigorously assert the claims of
3    all CALIFORNIA CLASS Members.

4    64.    In addition to meeting the statutory prerequisites to a Class Action, this
5    action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. §
6    382, in that:

7    (a)    Without class certification and determination of declaratory,
8    injunctive, statutory and other legal questions within the class
9    format, prosecution of separate actions by individual members of the
10    CALIFORNIA CLASS will create the risk of:

11    1)    Inconsistent or varying adjudications with respect to
12    individual members of the CALIFORNIA CLASS which
13    would establish incompatible standards of conduct for the
14    parties opposing the CALIFORNIA CLASS; and/or,

15    2)    Adjudication with respect to individual members of the
16    CALIFORNIA CLASS which would as a practical matter be
17    dispositive of interests of the other members not party to the
18    adjudication or substantially impair or impede their ability to
19    protect their interests.

20    (b)    The parties opposing the CALIFORNIA CLASS have acted or
21    refused to act on grounds generally applicable to the CALIFORNIA
22    CLASS, making appropriate class-wide relief with respect to the
23    CALIFORNIA CLASS as a whole in that DEFENDANT failed to
24    pay all wages due to  members of the CALIFORNIA CLASS as
25    required by law;

26    1)    With respect to the First Cause of Action, the final relief on
27    behalf of the CALIFORNIA CLASS sought does not relate
28    exclusively to restitution because through this claim

26

PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not

27

parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)      In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)      A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

65.      This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)      The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)      A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

28

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

66.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein

alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

67.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth and Seventh causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by Pacific Maritime Association and/or SSA Terminals LLC and/or Trapac, LLC and/or APM Terminals Pacific LLC and/or APS Stevedoring, LLC and/or Benicia Port Terminal Company and/or Ceres Marine Terminals, Inc. and/or Crescent City Marine Ways & Dry Dock Co., Inc. and/or Fenix Marine Services, Ltd. and/or Everport Terminal Services Inc. and/or Harbor Industrial Services Corporation and/or Innovative Terminal Services, Inc. and/or International Transportation Service, LLC and/or Kinder Morgan Bulk Terminals LLC and/or LBCT LLC and/or Marine Terminals Corporation and/or Marine Terminals Corporation - East and/or Matson Navigation Company, Inc. and/or Metropolitan Stevedore Company and/or Ocean Terminal Services, Inc. and/or Pacific Crane Maintenance Company, LLC and/or Pacific Ro-Ro Stevedoring, LLC and/or Pasha Stevedoring & Terminals L.P. and/or Port Maintenance Group, Inc. and/or Terminal Equipment Services Inc and/or Total Terminals International, LLC and/or Transpac Terminal Services, LLC and/or Yusen Terminals LLC in California, including any employees staffed with Pacific Maritime Association and/or SSA Terminals LLC and/or Trapac, LLC and/or APM Terminals Pacific LLC and/or APS Stevedoring, LLC and/or Benicia Port Terminal Company and/or Ceres Marine Terminals, Inc. and/or Crescent City Marine Ways & Dry Dock Co., Inc. and/or Fenix Marine Services, Ltd. and/or Everport Terminal Services Inc. and/or Harbor Industrial Services Corporation and/or Innovative Terminal Services, Inc. and/or International Transportation Service, LLC and/or Kinder Morgan Bulk Terminals LLC and/or LBCT LLC and/or Marine Terminals Corporation and/or Marine Terminals Corporation - East and/or Matson Navigation

30

Company, Inc. and/or Metropolitan Stevedore Company and/or Ocean Terminal Services, Inc. and/or Pacific Crane Maintenance Company, LLC and/or Pacific Ro-Ro Stevedoring, LLC and/or Pasha Stevedoring & Terminals L.P. and/or Port Maintenance Group, Inc. and/or Terminal Equipment Services Inc and/or Total Terminals International, LLC and/or Transpac Terminal Services, LLC and/or Yusen Terminals LLC by a third party, and classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the original complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

68.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

69.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

70.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

71.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)    Whether DEFENDANT's conduct was willful.

72.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code § 510, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d)   Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(f)   Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

73.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the

CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

74.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class

FIRST AMENDED CLASS ACTION COMPLAINT

format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)   Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or

35

defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary

duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

75. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the

37

members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

### FIRST CAUSE OF ACTION

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

76.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

77.   DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

78.   California Business & Professions Code §§ 17200, (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

79.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 221, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

80.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

81.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, and failed to provide

1  Fair Labor Standards Act overtime wages due for overtime worked as a result of failing
2  to include non-discretionary incentive compensation into their regular rates of pay for
3  purposes of computing the proper overtime pay due to a business practice that cannot be
4  justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission
5  requirements in violation of Cal. Bus. Code §§ 17200, and for which this Court should
6  issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203,
7  including restitution of wages wrongfully withheld.

8      82.    By the conduct alleged herein, DEFENDANT's practices were also
9  unlawful, unfair and deceptive in that DEFENDANT's employment practices caused
10 PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid
11 during their employment with DEFENDANT.

12     83.    By the conduct alleged herein, DEFENDANT's practices were also
13 unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures
14 failed to provide all legally required meal breaks to PLAINTIFF and the other members
15 of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

16     84.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each
17 CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-
18 duty meal period was not timely provided for each five (5) hours of work, and/or one (1)
19 hour of pay for each workday in which a second off-duty meal period was not timely
20 provided for each ten (10) hours of work.

21     85.    PLAINTIFF further demands on behalf of herself and each member of the
22 CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which
23 an off duty paid rest period was not timely provided as required by law.

24     86.    By and through the unlawful and unfair business practices described herein,
25 DEFENDANT has obtained valuable property, money and services from PLAINTIFF
26 and the other members of the CALIFORNIA CLASS, including earned wages for all
27 time worked, and has deprived them of valuable rights and benefits guaranteed by law
28 and contract, all to the detriment of these employees and to the benefit of DEFENDANT

1  so as to allow DEFENDANT to unfairly compete against competitors who comply with
2  the law.

3      87.    All the acts described herein as violations of, among other things, the
4  Industrial Welfare Commission Wage Orders, the California Code of Regulations, and
5  the California Labor Code, were unlawful and in violation of public policy, were
6  immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute
7  unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code
8  §§ 17200.

9      88.    PLAINTIFF and the other members of the CALIFORNIA CLASS are
10 entitled to, and do, seek such relief as may be necessary to restore to them the money and
11 property which DEFENDANT has acquired, or of which PLAINTIFF and the other
12 members of the CALIFORNIA CLASS have been deprived, by means of the above
13 described unlawful and unfair business practices, including earned but unpaid wages for
14 all time worked.

15     89.    PLAINTIFF and the other members of the CALIFORNIA CLASS are
16 further entitled to, and do, seek a declaration that the described business practices are
17 unlawful, unfair and deceptive, and that injunctive relief should be issued restraining
18 DEFENDANT from engaging in any unlawful and unfair business practices in the
19 future.

20     90.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no
21 plain, speedy and/or adequate remedy at law that will end the unlawful and unfair
22 business practices of DEFENDANT.  Further, the practices herein alleged presently
23 continue to occur unabated.  As a result of the unlawful and unfair business practices
24 described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS
25 have suffered and will continue to suffer irreparable legal and economic harm unless
26 DEFENDANT is restrained from continuing to engage in these unlawful and unfair
27 business practices.

28

**SECOND CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

91.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

92.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

93.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

94.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

95.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

96.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF

1    and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to

2    minimum wage pay.

3        97.    In committing these violations of the California Labor Code, DEFENDANT

4    inaccurately calculated the correct time worked and consequently underpaid the actual

5    time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-

6    CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned

7    wages, and other benefits in violation of the California Labor Code, the Industrial

8    Welfare Commission requirements and other applicable laws and regulations.

9        98.    As a direct result of DEFENDANT's unlawful wage practices as alleged

10   herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

11   did not receive the correct minimum wage compensation for their time worked for

12   DEFENDANT.

13       99.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

14   required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

15   Members to work without paying them for all the time they were under DEFENDANT's

16   control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

17   the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time

18   worked that they were entitled to, constituting a failure to pay all earned wages.

19       100.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned

20   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR

21   SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the

22   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

23   economic injury in amounts which are presently unknown to them and which will be

24   ascertained according to proof at trial.

25       101.   DEFENDANT knew or should have known that PLAINTIFF and the other

26   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

27   time worked. DEFENDANT elected, either through intentional malfeasance or gross

28   nonfeasance, to not pay employees for their labor as a matter of company policy, practice

1    and procedure, and DEFENDANT perpetrated this scheme by refusing to pay

2    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the

3    correct minimum wages for their time worked.

4         102.   In performing the acts and practices herein alleged in violation of California

5    labor laws, and refusing to compensate the members of the CALIFORNIA LABOR

6    SUB-CLASS for all time worked and provide them with the requisite compensation,

7    DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

8    toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

9    with a conscious and utter disregard for their legal rights, or the consequences to them,

10   and with the despicable intent of depriving them of their property and legal rights, and

11   otherwise causing them injury in order to increase company profits at the expense of

12   these employees.

13        103.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

14   CLASS therefore request recovery of all unpaid wages, according to proof, interest,

15   statutory costs, as well as the assessment of any statutory penalties against

16   DEFENDANT, in a sum as provided by the California Labor Code and/or other

17   applicable statutes.  To the extent minimum wage compensation is determined to be

18   owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their

19   employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and

20   therefore these individuals are also be entitled to waiting time penalties under Cal. Lab.

21   Code § 203, which penalties are sought herein on behalf of these CALIFORNIA

22   LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was

23   willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

24   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

25

26   ### THIRD CAUSE OF ACTION

27   **For Failure To Pay Overtime Compensation**

28   **[Cal. Lab. Code § 510]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

104.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

105.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

106.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek  unless they receive additional compensation beyond their regular wages in amounts specified by law.

107.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

108.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

109.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied

45

accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

110.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

111.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

112.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

113.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they

46

worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

114.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

115.   DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

116.   In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

117.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.   DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Required Meal Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

118.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

119.   During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA

48

LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

120.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

121.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### For Failure to Provide Required Rest Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

122.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

49

123.   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

124.   DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

125.   As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

126.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

127.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

128.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements

failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

129.   DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## SEVENTH CAUSE OF ACTION

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

130.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

131.   Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

132.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones on behalf of and for the benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to use their personal cellular phones and home offices in order to perform work related job tasks. DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones and home offices for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

133.   PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by herself and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

    A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due

54

PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D)    Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E)    For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F)    The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G)    The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.    On all claims:

A)    An award of interest, including prejudgment interest at the legal rate;

B)    Such other and further relief as the Court deems just and equitable; and,

C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

Dated: July 11, 2025                    BLUMENTHAL NORDREHAUG BHOWMIK DE
                                        BLOUW LLP


                                By:    */s/Nicholas J. De Blouw*
                                       Norman B. Blumenthal
                                       Nicholas J. De Blouw

                                       *Attorneys for Plaintiff*

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: July 11, 2025      BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By:    */s/Nicholas J. De Blouw*
        Norman B. Blumenthal
        Nicholas J. De Blouw

        *Attorneys for Plaintiff*

FIRST AMENDED CLASS ACTION COMPLAINT