United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASMINE PHILLIPS,
Plaintiff,
v.
PACIFIC MARITIME ASSOCIATION, et al.,
Defendants.

Case No. 25-cv-03241-JST

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: ECF No. 41

Before the Court is Defendants' motion to dismiss the first amended complaint.[1] ECF No. 41. The Court will grant the motion.

## I. BACKGROUND

Plaintiff Jasmine Phillips brings this putative class action against 28 Defendants alleging wage-and-hour violations under state law. The Court dismissed her original complaint with leave to amend "because Phillips [did] not adequately allege Defendants' liability as joint employers." ECF No. 23 at 1–2. The Court explained:

> Phillips brings this case against 28 entities, referring to all Defendants collectively as "DEFENDANT" throughout the complaint. *See* ECF No. 1 at 28–71. She alleges that all 28 Defendants "are the joint employers of PLAINTIFF as evidenced by paycheck, [by] standardized company employment handbooks, by

[1] Defendants are Pacific Maritime Association; SSA Terminals, LLC; TraPac, LLC; APM Terminals Pacific LLC; APS Stevedoring, LLC; Benicia Port Terminal Company; Ceres Marine Terminals, Inc.; Crescent City Marine Ways & Dry Dock Co., Inc.; Fenix Marine Services, Ltd.; Everport Terminal Services Inc.; Harbor Industrial Services Corporation; Innovative Terminal Services, Inc.; International Transportation Service, LLC; Kinder Morgan Bulk Terminals LLC; LBCT LLC; Marine Terminals Corporation; Marine Terminals Corporation - East; Matson Navigation Company, Inc.; Metropolitan Stevedore Company; Ocean Terminal Services, Inc.; Pacific Crane Maintenance Company, LLC; Pacific Ro-Ro Stevedoring, LLC; Pasha Stevedoring & Terminals L.P.; Port Maintenance Group, Inc.; Terminal Equipment Services Inc.; Total Terminals International, LLC; Transpac Terminal Services, LLC; and Yusen Terminals LLC.

> standardized policies and procedures, [and] by the company PLAINTIFF performs work for respectively and are therefore jointly responsible as employers for the conduct alleged herein." *Id.* at 28 (¶ 29). These are the only allegations on which Phillips relies to argue that she has sufficiently alleged a joint employer relationship.
>
> To be an employer under California law means "(a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship." *Martinez v. Combs*, 49 Cal. 4th 35, 64 (emphasis in original). Phillips "is not required to conclusively establish that defendants were her joint employers at the pleading stage," but she "must at least allege *some* facts in support of this legal conclusion." *Hibbs-Rines v. Seagate Techs., LLC*, No. C 08-05430 SI, 2009 WL 513496, at *5 (N.D. Cal. Mar. 2, 2009) (emphasis in original). Thus, for example, it is not sufficient to allege in a conclusory fashion that a defendant "supervised and/or managed" the plaintiff because such an allegation "does not include sufficient factual content for [a court] to reasonably infer that [the defendant] supervised [the plaintiff] and thus exercised control over some aspect of the Plaintiff's working conditions." *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 939–40 (N.D. Cal. 2016).
>
> Here, Phillips fails to allege basic facts, including for which company she performs work, which entity or entities issue her paychecks, or which entity's or entities' handbooks or policies she contends govern her employment. Nor does she allege how the different entities all satisfy one of the conditions set forth by the California Supreme Court in *Martinez*. Without additional allegations, the Court does not find it plausible that 28 different entities employed Phillips as defined by California law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court therefore dismisses the complaint with leave to amend.
>
> If Phillips chooses to file an amended complaint, she shall be cognizant that whether a joint employer "is liable under the [California] Labor Code depends on the duties imposed under the particular statute at issue." *Noe v. Super. Ct.*, 237 Cal. App. 4th 316, 334 (2015). She shall consider whether anything "in the language of the applicable wage order or statutes . . . support[s] the conclusion that an employer is liable not only for a breach of its own duty but also for a coemployer's breach of the coemployer's own duty." *Serrano v. Aerotek, Inc.*, 21 Cal. App. 5th 773, 784 (2018), *disapproved on other grounds*, *Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 77 (2021). And she must allege facts specific to each Defendant, "without resort to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).

*Id.* at 2–3.

Phillips timely filed an amended complaint, ECF No. 30, which Defendants seek to

dismiss in its entirety, ECF No. 41. The amended complaint asserts seven claims: unlawful business practices in violation of California's unfair competition law ("UCL"); failure to pay minimum wages; failure to pay overtime compensation; failure to provide required meal periods; failure to provide required rest periods; failure to provide accurate itemized wage statements; and failure to reimburse employees for required expenses.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations need not be detailed, but they must be "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. In determining whether a plaintiff has met the plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Dismissal for failure to state a claim should be with leave to amend, "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam).

## III. DISCUSSION

### A. Proper Defendants

Defendants first argue that Phillips has not cured the identified deficiencies regarding the plausibility of her being employed by 28 different Defendants. The Court agrees in part.

In her amended complaint, Phillips alleges that she is a longshore worker, and member of

the International Longshore and Warehouse Workers Union ("ILWU"), who works at the San Francisco Port. ECF No. 30 ¶ 32. She alleges that her wage statements "uniformly" identify Pacific Maritime Association ("PMA") as her employer and also "uniformly include a column including the identification of 'Company Number,' followed by columns identifying the number of shifts worked for each Company, . . . the wage compensation attributed to the work performed for each itemized Company, and the hours of work performed for each itemized Company," among other information. ECF No. 30 ¶ 32. She further alleges, "the companies itemized on PLAINTIFF's wage statements include, but are not limited to (1) SSA TERMINALS, LLC, (2) TRAPAC LLC, (3) EVERPORT TERMINAL SERVICES, (4) SSA PACIFIC, INC., (5) METRO CRUISE SERVICES LLC, (6) PASHA STEVEDORING & TERMINALS LP, and (7) PACIFIC CRANE MAINTENANCE COMPANY LLP." *Id.* Phillips alleges that PMA "employed PLAINTIFF" and, among other activities, collected her job application, hired her, issued her W-2 forms, maintains her personnel records, provides training, and "submits daily orders for waterfront labor at various California ports and works in partnership with the ILWU to dispatch workers." *Id.* ¶ 34. These allegations are sufficient to allege that Phillips was employed by PMA and the six Defendants named on her wage statements, as well as by Metro Cruise Services LLC, which is not named as a Defendant.

However, the complaint's allegations do not plausibly allege employment by the other named Defendants, for whom Phillips is alleged to have done no work and who are not alleged to have played any role in her hiring or day-to-day management. Phillips alleges that all Defendants except for PMA "were the agents of [PMA] and the direct employers and/or joint employers for PLAINTIFF and the CALIFORNIA CLASS MEMBERS" because they "each exercised control over the wages, hours, or working conditions of PLAINTIFF and the CALIFORNIA CLASS MEMBERS, or suffered or permitted them to work, or engaged PLAINTIFFS and the CALIFORNIA CLASS MEMBERS, resulting in a common employment relationship." *Id.* ¶ 33. But these conclusory allegations simply track the language of *Martinez*, 49 Cal. 4th at 64, and are not sufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Additionally, Phillips alleges that she and all other longshore workers at "29 West Coast ports" work under a single collective bargaining agreement negotiated between the ILWU and PMA, and that all Defendants were "interrelatedly involved in the construction, development and finalization of the collective bargaining agreement, handbooks, and written policies and procedures controlling the wages, hours and working conditions of PLAINTIFF and the CLASS MEMBERS since all DEFENDANTS aside from [PMA] are Member Companies of [PMA]." ECF No. 30 ¶¶ 36–37. But her claims are not based on any of these allegedly jointly developed documents, nor does she allege involvement of any specific entities aside from PMA.

The Court also rejects Phillips's efforts to plead that Defendants "are collectively liable as a single employer because they satisfy one or more of the following factors outlined by the California Court of Appeal: (1) an interrelation of operations, (2) common management, (3) common ownership or financial control, and (4) centralized control of labor relations." *Id.* ¶ 38 (citing *Laird v. Cap. Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737–38 (1998)). As the *Laird* court explained, "common ownership or control alone is never enough to establish parent liability" under an "integrated enterprise" theory, and the "critical question" is whether a parent entity "has exercised control [over day-to-day employment decisions] to a degree that exceeds the control normally exercised by a parent corporation." *Id.* at 738 (citation modified). In addition to citing no authority applying the "integrated enterprise" theory beyond the parent-subsidiary context, Phillips makes no allegations that the entities for whom she performed no work exercised control over her day-to-day employment. Nor does she address or attempt to distinguish another court's determination that allegations in that case were insufficient to allege that PMA and Defendants are an integrated enterprise. *Hill v. Pac. Mar. Ass'n*, 24-cv-0336-JSC, 2025 WL 416159, at *3 (N.D. Cal. Feb. 6, 2025).

Phillips's claims against the 21 Defendants who are not named in her wage statements are therefore dismissed. The Court grants leave to amend because it is not clear that Phillips cannot allege sufficient facts to state a claim against these Defendants—for example, by alleging that her wage statements listed them as companies for which she performed work.

**B. Sufficiency of Pleadings**

Defendants next argue that Phillips has failed to adequately plead any of her claims. The Court addresses each set of claims in turn below.

**1. Unpaid Wage Claims (Claims 2 and 3)**

The Ninth Circuit has held that "a plaintiff alleging failure to pay minimum wages or overtime wages . . . must allege at least one workweek when [they] worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). Although *Landers* arose under the Federal Labor Standards Act, courts apply the rule to California state wage claims. *E.g.*, *McDaniel v. Apex Sys., LLC*, No. 20-cv-06073-JST, 2020 WL 12894938, at *2–3 (N.D. Cal. Dec. 14, 2020).

To support her unpaid wage claims, Phillips relies on allegations that "DEFENDANT engages in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a condition of employment, required these employees to submit to mandatory temperature checks and symptom questionnaires for COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday," ECF No. 30 ¶ 43; that Defendants "failed to include . . . incentive compensation as part of the employees' 'regular rate of pay' for purposes of calculating overtime pay," *id.* ¶ 45; that "DEFENDANT required . . . employees to work off the clock without paying them for all the time they were under DEFENDANT's control," *id.* ¶ 48; and that Defendants "round[ed] the actual time worked and recorded by" Phillips and paid her "less than [she] would have been paid for actual recorded time rather than 'rounded' time," *id.* ¶ 43.

These allegations are insufficient to survive a motion to dismiss. An allegation that a defendant required employees to work off the clock is too conclusory to state a claim. *See Iqbal*, 556 U.S. at 678. As to the remaining allegations, Phillips fails to allege any instance in which her time worked was rounded down. She also does not allege that she ever received incentive compensation that should have been included in her regular rate of pay. Nor does she allege any instance of her having to engage in COVID-19 screening prior to clocking in. These allegations

are inadequate to state a plausible claim for relief. *See, e.g.*, *Garza v. Swift Beef Co.*, No. CV 22-06223 PSG (E), 2024 WL 5415842, at *6 (C.D. Cal. Jan. 23, 2024) (dismissing unpaid wage claims brought by employee whose "name [was] excluded when discussing the donning and doffing of protective gear and the off-the-clock walkie-talkie usage" and "when describing the COVID-19 temperature checks" other plaintiffs alleged they had to perform, and dismissing overtime claims by plaintiffs who failed to "allege that they worked more than forty hours per week or eight hours per day"). The Court therefore dismisses Phillips's unpaid wage claims with leave to amend.

In addition, Phillips has not cured the deficiency identified in the Court's first dismissal order, which directed Phillips to "allege facts specific to each Defendant, without resort to generalized allegations against Defendants as a whole." ECF No. 23 at 3 (citation modified). If Phillips seeks to amend these claims, she should identify which of the Defendants for whom she worked failed, for example, to consider her incentive compensation or required her to undergo COVID-19 screening prior to clocking in.

**2. Meal and Rest Period Claims (Claims 4 and 5)**

The Court finds Phillips's allegations sufficient to state meal and rest period claims, aside from the group pleading deficiency identified below. While some of the allegations are conclusory, Phillips alleges that she was "from time to time not fully relieved of duty by DEFENDANT for [her] meal periods," and that "DEFENDANT failed to provide [her] with a second off-duty meal period in some workdays in which [she was] required by DEFENDANT to work ten (10) hours of work from time to time." ECF No. 30 ¶ 119. Similarly, she alleges that she was "from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods," and that she was "from time to time . . . denied [her] first rest period[] of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more." *Id.* ¶ 123. Unlike cases in which no facts were alleged to suggest that the plaintiffs "worked shifts where they were not provided with the opportunity to

take meal periods or rest breaks," these allegations are sufficient "from which to infer that [Phillips] personally worked a shift that should have triggered the meal and rest break obligations and that such obligations were ignored." *McDaniel*, 2020 WL 12894938, at *4; *see also Ambriz v. Coca Cola Co.*, No. 13-cv-03539-JST, 2013 WL 5947010, at *3–5 (N.D. Cal. Nov. 5, 2013) (finding sufficient an allegation that, "on days that Plaintiff worked five (5) hours or more, Defendants failed to provide Plaintiff with an uninterrupted meal period of at least thirty (30) minutes as required").

However, as with Phillips's unpaid wage claims, she has failed to allege facts specific to each Defendant. Accordingly, the Court dismisses these claims with leave to amend.

**3. Wage Statement Claim (Claim 6)**

The parties dispute whether Phillips has alleged a non-derivative wage statement claim under California Labor Code section 226—i.e., whether she has alleged that her wage statements were inaccurate in any manner beyond her unpaid wage and meal and rest period claims. Those claims allege that Phillips was not paid for all hours worked, including for overtime and meal and rest periods, and that her hourly wage was inaccurate. Her wage statement claim does not allege any other inaccuracies, and the Court therefore agrees with Defendants that Phillips has not stated a non-derivative wage statement claim.

Because the Court has dismissed Phillips's unpaid wage and meal and rest period claims, it also dismisses her derivative wage statement claim. "[W]hen the underlying claims of a derivative claim fail, the derivative claim fails as well." *Clark v. EmCare, Inc.*, No. 2:16-CV-07503-ODW-JC, 2017 WL 1073342, at *4 (C.D. Cal. Mar. 21, 2017).

Phillips's wage statement claim is also subject to dismissal because her conclusory allegation that "DEFENDANT knowingly and intentionally failed to comply" with Section 226, ECF No. 30 ¶ 129, is not sufficient. *Guerra v. OS Rest. Servs., LLC*, No. 23-cv-05845-HSG, 2024 WL 3995329, at *3 (N.D. Cal. Aug. 28, 2024). She alleges that her wage statements were inaccurate "from time to time," ECF No. 30 ¶ 128, but she fails to "allege which Defendants are named on . . . [her] allegedly violative wage statements," *Hill*, 2025 WL 416159, at *6. To adequately state a claim, she must allege which specific Defendants failed to comply with Section

226, as well as facts giving rise to an inference that the violations were knowing and intentional. As Defendants persuasively argue without any opposition from Phillips, the complaint alleges no facts to "explain[] why Defendants provided some compliant wage statements while knowingly and intentionally providing some non-compliant wage statements." ECF No. 41 at 19.

Phillips did not respond to Defendants' argument that she failed to allege sufficient injury from receiving inaccurate wage statements, but the Court does not dismiss her claim on that basis. Phillips alleges injury from "costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities." ECF No. 30 ¶ 129. Although a plaintiff might not suffer an injury if the "alleged injury is based only upon their need to perform simple math," even case law relied on by Defendants supports finding an injury where there is "evidence that the information in [the plaintiff's] wage statements is inaccurate or that they needed to conduct discovery and perform computations based upon multiple sources to determine whether their wages were reported accurately." *Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1136 (C.D. Cal. 2011) (citation modified). When viewing the complaint's allegations in a light most favorable to Phillips, the Court finds it reasonable to infer that more than simple math is required.

**4. Expense Reimbursement Claim (Claim 7)**

"To state a claim for failure to reimburse business expenses, a plaintiff must allege a specific instance in which [they were] not reimbursed for expenses that were within [their] job duties." *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-cv-09955-BLF, 2022 WL 2132916, at *5 (N.D. Cal. June 14, 2022). Phillips alleges that she and other putative class members "were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit." ECF No. 30 ¶ 53. She further alleges that she and other class members had "to use their personal cellular phones and home offices in order to perform work related job tasks," and that "expenses from using their personal cellular phones and home offices . . . were necessary to complete their principal job duties." *Id.* ¶ 132.

These allegations are insufficient. Phillips "does not allege an instance when such expenses were incurred but not reimbursed and does not allege how [she] was required to use [her] personal cell phone [or home office] to further [her] job duties. The FAC contains only general, conclusory statements regarding the failure to reimburse work-related losses and expenses." *Reyes v. Costco Wholesale Corp.*, No. 2:24-cv-00300-KES-HBK, 2024 WL 3105624, at *8 (E.D. Cal. June 24, 2024); *see also Ramirez*, 2022 WL 2132916, at *5 (dismissing claim where the plaintiff "has failed to allege any supporting details about his phone use, such as whether he incurred any actual expenses related to the use of his cell phone; whether he requested Defendants reimburse him for those expenses; or that Defendants refused to tender any requested reimbursements" (citation modified)). Moreover, Phillips "does not allege any facts allowing the Court to plausibly infer that [any] Defendant knew about any unreimbursed expenses associated with employees' use of personal cell phones" or home offices. *McDaniel*, 2020 WL 12894938, at *5. Finally, as with her other claims, Phillips has not made any allegations as to which specific Defendants allegedly failed to reimburse her expenses. Accordingly, the Court dismisses her expense reimbursement claim with leave to amend.

**5. Unlawful Business Practices Claim (Claim 1)**

Phillips's unlawful business practices claim is derivative of her other claims. "[A] UCL claim based on alleged violations of the law fails if the predicate violations are not adequately pled. Because the Court dismisses all of [Phillips's] Labor Code claims, the UCL claim must also be dismissed." *Verduzco v. French Art Network LLC*, No. 23-cv-00771-BLF, 2023 WL 4626934, at *4 (N.D. Cal. July 18, 2023). The Court grants leave to amend, as it has for Phillips's predicate claims.

Defendants also seek dismissal of this claim based on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), in which the Ninth Circuit held that a plaintiff "must establish that [they lack] an adequate remedy at law before securing equitable restitution for past harm under the UCL." A court in this district has explained that, "[s]ince *Sonner*, courts have consistently dismissed purely derivative UCL claims in wage-and-hour actions in which damages and penalties are available for the same underlying Labor Code claims." *Mish v. TForce Freight,*

United States District Court
Northern District of California

*Inc.*, No. 21-cv-04094-EMC, 2021 WL 4592124, at *6 (N.D. Cal. Oct. 6, 2021). However, Phillips's UCL claim also seeks prospective injunctive relief, ECF No. 30 ¶ 89, and Defendants do not challenge her standing to seek that relief or argue that her Labor Code claims can provide it. Consequently, *Sonner* does not require dismissal of this claim. *See, e.g.*, *Warren v. Whole Foods Mkt. Cal., Inc.*, No. 21-cv-04577-EMC, 2022 WL 2644103, at *9 (N.D. Cal. July 8, 2022); *Easton v. Wells Fargo & Co.*, No. 2:20-cv-06070-AB-RAO, 2022 WL 17886002, at *3 (C.D. Cal. Dec. 6, 2022) (dismissing UCL claim that sought failure to pay wages brought by former employee, in part on grounds that the former employee lacked standing to seek injunctive relief).

## CONCLUSION

Although some of Defendants' arguments lack merit, the Court grants Defendants' motion to dismiss all claims in Phillips's amended complaint for the reasons set forth above. Dismissal is with leave to amend to cure the deficiencies identified in this order. Phillips may not add any new claims or parties, except that she is given leave to add Metro Cruise Services LLC as a Defendant.

Any amended complaint is due within 21 days of the date of this order. Failure to file a timely amended complaint will result in dismissal of this case.

**IT IS SO ORDERED.**

Dated: September 10, 2026



JON S. TIGAR
United States District Judge